IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES H. SHORTZ, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 3:08-cv-347-MEF |
| ) | |
| CITY OF TUSKEGEE, *et al.,* ) | |
| ) | |
| DEFENDANTS. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James H. Shortz ("Plainitff"), proceeding *pro se*, filed a Notice of Petition and Verified Petition for Warrant of Removal (Doc. # 1) on May 9, 2008. By this document, Plaintiff seeks to remove to this Court a lawsuit he filed against the City of Tuskegee, Tuskegee Police Department, Lester C. Patrick, Michael T. Clements, Robin Collins, and Erma Kennedy in the Circuit Court of Macon County Alabama. The essence of Plaintiff's complaint is that Defendants made misrepresentations to him which induced him to quit his job with the Victory Land Police Department and accept a position with the Tuskegee Police Department. Although the complaint purports to seek declaratory judgment, Plaintiff also seeks compensatory damages, punitive damages, and costs. Apparently dissatisfied with the way that the Circuit Court for Macon County is handling his lawsuit, Plaintiff now seeks to litigate his claim in a federal forum by attempting to remove the case to this Court.[1] For the

---

[1] This Court and many others have previously held that neither 28 U.S.C. § 1441, nor 28 U.S.C. § 1446 authorize *plaintiffs* to remove actions to federal court. These statues by their very terms only allow for defendants to remove actions to federal court. While the

reasons set forth below, the Court find that this case is due to be REMANDED.

## DISCUSSION

When a notice of removal is filed, this Court is obligated to consider, *sua sponte*, whether subject matter jurisdiction is present and must remand the case to state court if it determines that subject matter jurisdiction is absent. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3); *see also Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (stating that "the district court may not sua sponte decide to remand the case for any procedural defect other than lack of subject matter jurisdiction").

"A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally." *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 711 (11th Cir. 1997) (citing 28 U.S.C. § 1441). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed," and, "[a]bsent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar*

---

Court notes this defect in this case as well, the Court bases its action in this case on a lack of subject matter jurisdiction over the claims in Plaintiff's state court complaint rather than the lack of statutory authority for Plaintiff to remove this action.

*Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(b).² Indeed, it is well settled that a federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins.,* 511 U.S. 375, 377 (1994). That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction,...." *Id.* (citations omitted).

Under the Judicial Code, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Caterpillar*, 482 U.S. at 392 n.6 (quoting 28 U.S.C. § 1331). Accordingly, for removal to be proper, one or more of the claims brought by plaintiff in state court must have arisen under federal law. Determination of whether a claim arises under federal law "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Under this rule, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; *see also Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992) (*citing Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). "As a general rule, a case 'arises under' federal

---

² Plaintiff does not contend that this Court has subject matter jurisdiction on the basis of diversity, and there is no evidence of complete diversity of citizenship between the parties. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); 28 U.S.C. § 1332.

law only if it is federal law that creates the cause of action." *Hill v. Marston*, 13 F.3d 1548, 1549 (11th Cir. 1994). After a careful review of the allegations of the Plaintiff's complaint at the time of removal, this Court finds no conceivable facts on which to base an exercise of this Court's subject matter jurisdiction over this action.

## CONCLUSION

For the reasons discussed, the undersigned finds that subject matter jurisdiction is lacking. Accordingly, it is hereby ORDERED as follows:

1. This case is REMANDED to the Circuit Court of Macon County, Alabama.

2. The Clerk is DIRECTED to take appropriate steps to effect the remand.

3. All pending motions are left for resolution by the Circuit Court of Lee County, Alabama.

DONE this 19th day of May, 2008.

                                          /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE